*1225
OPINION.

Marquette:
The question presented herein is whether the amounts credited to the special account of Paul on the taxpayer’s books for advances made between 1913 and 1917 constituted a paid-in surplus. In other words, whether advances were made under the terms of the contract above set forth, whereby it is claimed Paul was obligated to accept preferred stock therefor; or constituted an indebtedness of the taxpayer, which became capital upon the exchange thereof for stock.
The Board has had occasion to consider questions similar to the present one in Appeal of Warren-Lamb Lumber Co., 1 B. T. A. 786, and in Appeal of Middleton Compress & Warehouse Co., 1 B. T. A. 1145, and the rule may be adduced from those decisions: (1) That where advances are made to a corporation for which stock is later issued, without other evidence, they become invested capital only from the time the stock is issued therefor; and (2) that where advances are made with the express understanding that they are to be additions to capital for which stock is to be issued, they become invested capital from the time paid in. The facts herein bring this appeal between the two rules stated, and we must determine the intent of the parties from the contract and the attendant circumstances as disclosed by the evidence. We are not advised of the nature or purpose of the advances and are unable to say whether they were within the terms of the contract. The evidence discloses, however, that the advances were not treated by the taxpayer as capital but were placed on its books as accounts payable and that interest was credited from time to time to this account. This would indicate that the parties themselves considered the amounts as borrowed money rather than as contributions to capital. If they were paid-in surplus, the taxpayer would not have credited interest on the amount of the advances. The evidence does not satisfy us that the advances were made under the contract or that Paul was obligated to accept preferred stock in the corporation in exchange therefor.
The Commissioner erred, however, in prorating the advances exchanged for preferred stock from June 30, 1917. The evidence discloses that the stock was issued on June 1, 1917, in exchange for the amounts advanced, but the book entries recording the transaction were made under date of June 30,. 1917. As has been frequently held, the facts and not book entries must control, and the amount of $54,500.06 should be prorated from June 1,1917, and not from June 30, 1917. Doyle v. Mitchell Brothers Co., 247 U. S. 179; Douglas v. Edwards, 298 Fed. 229, 234; Appeal of Even Realty Co., 1 B. T. A. 355.